UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT M. SHIPMAN, JR., <br><br> Plaintiff <br><br> v. <br><br> STATE COLLECTION SERVICE, INC., <br><br> Defendant | ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) COMPLAINT AND DEMAND FOR <br> ) JURY TRIAL <br> ) <br> ) (Unlawful Debt Collection Practices) <br> ) |

## COMPLAINT

ROBERT M. SHIPMAN, JR. ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against STATE COLLECTION SERVICE, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19147.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 2509 South Stoughton Road, Madison, Wisconsin 53716.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a consumer debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt.

11. The debt at issue, a HSBC credit card bill, arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in or around April 2013, and continuing through June 2013, Defendant repeatedly and continuous called Plaintiff on his home telephone in an attempt to collect an alleged, consumer debt.

13. Defendant contacted Plaintiff, on average, once a day.

14. Defendant's conduct in calling Plaintiff once a day was done with the intent to annoy, abuse and harass Plaintiff.

15. Further, on one occasion when Plaintiff spoke with Defendant, its collector implied that legal action would be taken against him if he did not agree to work out a payment plan on the alleged debt.

16. Defendant's threat to take legal action were false, as at the time Defendant made this threat it not intend to take the action threatened, and subsequently has not taken any legal action against Plaintiff.

17. Defendant falsely threatened to take legal action to embarrass and cause fear and apprehension for Plaintiff, believing that such conduct would cause Plaintiff to agree to a payment plan on the alleged debt.

18. Most recently, on June 10, 2013, Defendant called Plaintiff on his home telephone in an attempt to collect a consumer debt.

# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

19. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

   a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff once a day as such actions were done with the intent to annoy, abuse, and harass him.

## COUNT II

20. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e and 1692e(5).

   a. A debt collector violates § 1692e of the FDPCA by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

b. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

c. Here, Defendant violated §§ 1692e and 1692e(5) of the FDCPA by threatening to take legal action against Plaintiff when Defendant did not intend to take the action threatened, but legally could not and had not taken the threatened actions.

WHEREFORE, Plaintiff, ROBERT M. SHIPMAN, JR., respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROBERT M. SHIPMAN, JR., demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

DATED: April 1, 2014

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

By: _____
CRAIG THOR KIMMEL
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 116
Fax: (877) 788-2864
Email: kimmel@creditlaw.com